IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMIEN PATTERSON,

 *Plaintiff*,

 v.             Civil Action No. RDB-22-3183

DANIEL P. MARKMANN, M.D., *et al.*,

 *Defendants*.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On December 9, 2022, Damien Patterson ("Patterson" or "Plaintiff") filed a medical malpractice complaint against numerous parties including Daniel P. Markmann, M.D. ("Dr. Markmann") and Northwest Hospital Center, Inc. ("Northwest Hospital") (ECF No. 1.) Now pending before this Court is Patterson's Motion to Amend Complaint (the "Motion") (ECF No. 52). In his proposed amendment, Patterson seeks to allege that Dr. Markmann was the ostensible/apparent agent of Northwest Hospital. (*Id.* at 1.) During initial discovery, Northwest Hospital produced a document on its letterhead, signed by Dr. Markmann, providing that Dr. Markmann was the supervising medical doctor for the physician assistants who were providing care to Dr. Markmann's patients. (*Id.* at 2.) This disclosure was made several months after the deadline for joinder of new parties or amending of pleadings had passed. (*See* ECF No. 31.) Patterson filed the subject motion within five days after receipt of this disclosure. Northwest Hospital opposed the Motion in writing, (ECF No. 58), and Plaintiff responded. (ECF No. 62.) The parties' submissions have been reviewed, and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, Patterson's

Motion to Amend Complaint (ECF No. 52) is **GRANTED**.

## BACKGROUND

On June 30, 2021, Dr. Markmann performed plastic surgery on Patterson at Northwest Hospital. (ECF No. 52 at 2.) After surgery, Patterson was transferred to Northwest Hospital's post-anesthesia care unit, and then onto the medical/surgical recovery floor, where he remained until he was discharged the next day. (*Id.*) While on the recovery floor, he was monitored and provided care by three physician assistants who Northwest Hospital has stipulated were all employees acting within the course and scope of business and for whom the hospital was legally responsible. (*Id.*) Under Maryland law, physician assistants must be supervised by a licensed Maryland physician. MD. CODE. ANN., HEALTH OCCUPATIONS, § 15-301 (2023). Dr. Markmann was the supervising physician of the three physician assistants regarding their care of Patterson. (ECF No. 58 at 2.)

On December 9, 2022, Patterson initiated the instant action against Dr. Markmann, Metamorphosis Plastic Surgery, LLC., Northwest Hospital, Scott Stromberg, P.A., Megan Gibbons, P.A., and Karla Ponton, P.A. (ECF No. 1.) On January 9, 2023, Patterson filed an Amended Complaint, asserting claims for medical malpractice against Dr. Markmann, Metamorphosis Plastic Surgery, LLC., and Northwest Hospital (collectively, Defendants). (ECF No. 9.) Specifically, Patterson alleges Dr. Markmann and employees of Northwest Hospital were negligent and caused Patterson to suffer bilateral compartment syndrome in his legs, and consequently, he has undergone more than 16 surgeries and has incurred over $4 million in medical bills. (*Id.*)

On October 18, 2023, several months after the deadline for joinder of new parties or

amending of pleadings had passed, Northwest Hospital produced a document on its letterhead, signed by Dr. Markmann, stating that Dr. Markmann is responsible "for the supervision and direction [he] give[s] the PAs in the care of [his] patients." (ECF No. 52-3; ECF No. 52 at 2.) On October 23, 2023, Patterson filed the presently pending Motion to Amend Complaint seeking to use the recently produced document, along with other evidence, to prove that Dr. Markmann was an ostensible/apparent agent of Northwest Hospital. (ECF No. 52.) The Motion is ripe for review.

## STANDARD OF REVIEW

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings. *See Moses v. Cowan Distrib. Servs. Inc.*, No. JKB-10-1809, 2012 U.S. Dist. LEXIS 20629, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).").

Good cause exists if "deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (quotations omitted). Courts consider

3

"whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)). Modification should not be permitted where the movant "has not acted diligently" to comply with the schedule. *Cook*, 484 F. App'x at 815 (quotations omitted).

If the Court is satisfied that good cause exists, it applies the Rule 15(a) standard, which directs the Court to "freely give leave when justice so requires." FED. R. CIV P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's Cnty.*, 199 F. Supp. 2d 297, 300–01 (D. Md. 2002). Nevertheless, the matter is committed to the discretion of the district court, which may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011); *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

**ANALYSIS**

The Court concludes that Patterson has demonstrated good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists if "deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (quotations omitted). This Court has found that there was no evidence of a plaintiff's lack of diligence where the information that provides that basis for the amendment comes from discovery responses and document production from the opposing party, and that information was not received until after the deadline for amendments had already passed. *See Timbers v.*

*Telligent Masonry, LLC*, No. JKB 21-00293, 2022 U.S. Dist. LEXIS 222574 at *8 (D. Md. Dec. 7, 2022).

While Patterson filed this Motion almost six months after the April 26, 2023 deadline for joinder or to amend the pleadings had passed, he filed the Motion just days after he learned of the apparent agency claim. Thus, it was not Patterson's fault that he missed the deadline. Upon learning this new information on October 18, 2023, Patterson promptly filed his Motion on October 23, 2023—just five days after Northwest Hospital produced the document that gave rise to the agency claim. Given this timeline, the Court sees no evidence of Patterson's lack of diligence, and the good cause standard is met.

Having determined that Patterson's Motion satisfies the good cause requirements under Rule 16(b), this Court further concludes that the motion meets the Rule 15(a) liberal amendment standard as well. Particularly, this Court is unpersuaded by Northwest Hospital's arguments that the amendment is unduly prejudicial. Rule 15(a) is construed to freely allow amendments where it would not prejudice defendant. A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. *Potts v. DiPaolo*, No. RDB-21-1073, 2022 WL 616814, at *3 (D. Md. Mar. 2, 2022) (citing *Equal Rights Ctr. V. Niles Bolton Assoc.*, 602 F.3d 597, 604 (4th Cir. 2010)).

Because Plaintiff filed the Motion promptly upon discovering the information and there will be no change to the nature of the litigation, the proposed amendment is not prejudicial. Northwest Hospital asserts that they have already completed depositions, and had it known that Patterson was going to make this new claim, they would have included questions in its depositions of Dr. Markmann and Plaintiff about the elements of the cause of action of

apparent agency. However, Plaintiff did not add the claim of apparent agency earlier because the Northwest Hospital did not produce the document of which they discovered they wanted to make that claim until after the deadline. Furthermore, if the concern of Northwest Hospital is that they did not depose Dr. Markmann and Plaintiff related to that cause of action, then the deposition can be re-opened within the scope of that claim. Although the Court concedes that would require more time and resources from both parties, it is still not prejudicial, especially since the discovery in this case is ongoing, and a trial date has not been set.

Northwest Hospital's futility argument is also unavailing. Amendments are futile only when they are "clearly insufficient or frivolous on its face." *Thomas v. Delmarva Power & Light Co.*, No. RDB-15-433, 2016 U.S. Dist. LEXIS 11245, *8 (D. Md. Feb 1, 2016). As Judge Blake of this Court has noted, "[a] review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs.*, LLC., No. CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). Northwest Hospital attempts to use contested facts in their response to argue that the proposed amendment is futile because it does not meet the elements required to establish that an apparent agency relationship exists. However, an amendment is not futile simply because the defendant believes the jury would not rule in the plaintiff's favor. *Id.* Northwest Hospital's arguments reflect more of an evaluation of the merits of Plaintiff's potential new claim rather than whether of not the claim is frivolous on its face. There are factual disagreements between Patterson and Northwest Hospital on the value of the document which Plaintiff based their apparent agency claim of, and those disagreements are a job for the jury to determine. There is no evidence here to suggest that Plaintiff's amendment is frivolous, and thus it is not futile. Because the Court has broad discretion in giving leave

"when justice so requires," and because the proposed amendment is not futile or prejudicial in anyway, Rule 15(a)(2) is also satisfied. FED. R. CIV. P. 15(a)(2).

## CONCLUSION

For the reasons set forth above, it is this 16th day of February, 2024, hereby **ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 52) is **GRANTED**.

/s/
Richard D. Bennett
United States Senior District Judge