IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMIEN PATTERSON, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-22-3183 |
| NORTHWEST HOSPITAL CENTER, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This Memorandum Order will confirm the off-the-record pretrial conference held Tuesday, April 8, 2025, with Counsel of Record in the above-captioned case. This medical malpractice suit brought by Plaintiff Damien Patterson ("Plaintiff" or "Patterson") against Defendant Northwest Hospital Center. ("Defendant" or "Northwest") is set for a nine-day trial beginning April 21, 2025. (ECF No. 99.)

### I.  Pending Motions on Docket (ECF Nos. 102, 103, 105, 106, 108, 126)

Presently pending are several motions *in limine* (ECF Nos. 102; 103; 105; 106; 108); and one motion to withdraw (ECF No. 126) filed by Defendant, which seeks to withdraw Northwest's motion *in limine* at ECF No. 103. As a preliminary matter, the Court GRANTS Defendant's Motion to Withdraw (ECF No. 126); as such, Defendant's Motion *in Limine* to Preclude Plaintiff from Calling Ronaldo[1] Mendoza to Testify Live at Trial (ECF No. 103) is

---

[1] Defendant's Motion *in Limine* and Plaintiff's opposition thereto refer to Mr. Mendoza as "Ronald Mendoza." (*See* ECF Nos. 103; 121.)  This appears to be a typographical error, as Mr. Mendoza's first name is Ronaldo, not Ronald. (*See* ECF No. 103-3 at 9.)  Accordingly, the Court refers to Mr. Mendoza as "Ronaldo Mendoza," not "Ronald Mendoza."

1

WITHDRAWN. The Court proceeds to memorialize its finding on the remaining motions *in limine* (ECF Nos. 102; 105; 106; 108) below. Any objection thereto by either side is preserved for appeal.

**A. Defendant's Motion *in Limine* to Preclude Testimony of Loss of Consortium (ECF No. 102) is GRANTED AS UNOPPOSED.**

Northwest moves to exclude "any evidence that Plaintiff's alleged injuries have adversely affected [his] marital relationship" as not relevant to Patterson's individual personal injury claim. (ECF No. 102 at 2.) In response, Patterson agrees that he has not alleged loss of consortium and likewise agrees that, as a result, evidence and testimony related to injury to his marriage is not admissible at trial. (ECF No. 119 at 1.) Accordingly, Defendant's Motion *in Limine* to Preclude Testimony of Loss of Consortium (ECF No. 102) is GRANTED without opposition.

**B. Defendant's Opposed Motion *in Limine* to Prohibit Plaintiff from Introducing into Evidence or Otherwise Displaying Certain Photographs (ECF No. 105) is DENIED.**

Northwest seeks to exclude certain photographs of Patterson's subsequent corrective fasciotomies and the results therefrom. (ECF No. 105-1 at 1–2.) Pointing to "the graphic nature of the photographs," Northwest argues that admission of the photographs into evidence "would . . . likely . . . result in extreme unfair prejudice to Defendants, outweighing any probative value, and should be excluded on this basis." (*Id.* at 2.) In response, Plaintiff contends that the photographs showing his injuries are "necessary to prove liability, causation, and damages," and that the photographs' "probative value vastly outweighs any alleged unfair prejudice." (ECF No. 120 at 1–5.)

Fed. R. Evid. 403 provides that "[t]he court may exclude relevant evidence if its

2

probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the Court concludes that the photographs of Patterson's corrective fasciotomies and the results therefrom are relevant and probative as to liability, causation, and damages. While the photographs are quite graphic, it does not follow that any prejudice to the Defendants' resulting from the photographs' graphic nature substantially outweighs their probative value. Accordingly, Defendant's Motion *in Limine* to Prohibit Plaintiff from Introducing into Evidence or Otherwise Displaying Certain Photographs (ECF No. 105) is DENIED.

**C. Defendant's Motion *in Limine* to Preclude Evidence or Argument that Karla Ponton, PA Was Negligent (ECF No. 106) is GRANTED AS UNOPPOSED.**

Northwest moves to "preclude witness testimony, and statements or argument by counsel, that [Karla] Ponton was negligent." (ECF No. 106 at 2.) In response, Patterson explains that he "does not intend to argue, nor have an expert witness testify, that [Ponton] was negligent." (ECF No. 118 at 1.) Accordingly, Defendant's Motion *in Limine* to Preclude Evidence or Argument that Karla Ponton, PA Was Negligent (ECF No. 106) is GRANTED without opposition.

**D. Plaintiff's Motion *in* Limine to Exclude Evidence and/or Argument of Prior Settlement Pursuant to Federal Rule of Evidence 408 (ECF No. 108 at 3–5) is GRANTED AS UNOPPOSED.**

Patterson moves to "prohibit Northwest Hospital from presenting evidence/argument that Plaintiff sued and settled with" the operating physician Dr. Daniel Markmann and Metamorphosis Plastic Surgery, LLC. (ECF No. 108 at 3–5.) As Plaintiff aptly notes, (*id.* at 3), Fed. R. Evid. 408(a) expressly prohibits evidence of settlement "to

3

prove or disprove the validity or amount of a disputed claim[.]" In response, Patterson notes that it "does not oppose Plaintiff's Motion pursuant to FRE 408" and clarifies that it "will not introduce evidence or argument of Plaintiff's prior settlement" with Dr. Markmann and Metamorphosis. (ECF No. 117 at 1.) Accordingly, Defendant's Motion *in Limine* to Exclude Evidence and/or Argument of Prior Settlement Pursuant to Fed. R. Evid. 408 (ECF No. 108 at 3–5) is GRANTED without opposition.

**E. Plaintiff's Opposed Motion *in Limine* to Exclude Defense Expert Testimony that Calf Implant Surgery Is "Exceedingly Painful" (ECF No. 108 at 6–10) is DENIED.**

Patterson seeks to exclude defense expert testimony that calf implant surgery is an "exceedingly painful" surgery on the grounds that such testimony is "classic hearsay."[2] (ECF No. 108 at 6–10.) In response, Northwest explains that it will offer the opinions of Dr. Markmann, Dr. Timothy Fee, and Dr. Frederick Jones, "regarding the anticipated level of pain following calf implant surgery." (ECF No. 117 at 2–6.) Defendant notes that such testimony is "based on the [doctors'] experience in monitoring and treating post-operative pain in patients." (*Id.* at 4–5.) Defendant further emphasizes that such testimony is necessary to explain the physiological basis for the post-operative pain. (*Id.*)

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702

---

[2] Patterson further asserts that such testimony is "irrelevant," (ECF No. 108 at 10), but in so arguing, Plaintiff proceeds to point out exactly why the defense expert testimony regarding post-calf implant surgery pain is relevant. Simply stated, testimony on the anticipated level of pain post-calf implant surgery is relevant because Patterson alleges that PAs providing his post-operative care failed to diagnose his compartment syndrome despite his reporting of pain out of proportion to the surgery. While Plaintiff insists this is irrelevant because the allegedly negligent PAs testified during their depositions that they had never cared for a patient following calf implant surgery and thus would have no idea what amount of pain was normal, (*id.*), Patterson's argument is unpersuasive. This argument, if accepted, would preclude Plaintiff's own experts from testifying on the same topic.

4

provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The proponent of expert testimony bears the burden of proof in establishing its admissibility. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

"Rule 702 thus imposes a special gatekeeping obligation on the trial judge to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up). "In assessing the admissibility of expert testimony, a district court assumes a 'gatekeeping role' to ensure that the 'testimony both rests on a reliable foundation and is relevant to the task at hand.'" *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No II) MDL 2502*, 892 F.3d 624, 631 (4th Cir. 2018) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). For expertise based on professional studies or experience, the court must "make certain that [the] expert, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Expert testimony cannot be based on mere "belief or speculation, and inferences must be derived using scientific or other valid methods." *See Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999). Lastly, the Court notes that

5

the Federal Rules of Evidence permit experts some leeway with respect to hearsay evidence. FED. R. EVID. 703; *but see Good v. Am. Water Works Co., Inc.*, No, 2:14-01374, 2016 U.S. Dist. LEXIS 131306, 2016 WL 5441517, at *8 (S.D.W. Va. Sept. 16, 2016) (explaining that "an expert's testimony cannot simply serve as a conduit for testimonial hearsay").

At bottom, the Court sees no basis to exclude testimony from Dr. Markmann, Dr. Fee, and Dr. Jones that calf implant surgery is "exceedingly painful." Such testimony is undoubtedly based on the doctors' experiences providing treatment to patients who, like Patterson, underwent calf implant surgery. Accordingly, Plaintiff's Motion *in Limine* to Exclude Defense Expert Testimony that Calf Implant Surgery Is "Exceedingly Painful" (ECF No. 108 at 6–10) is DENIED.

### F. Plaintiff's Opposed Motion *in Limine* to Exclude Cumulative Expert Testimony (ECF No. 108 at 11–13) is DENIED.

Patterson "requests that the Court limit [Defendant's experts]" to preclude cumulative expert testimony. (ECF No. 108 at 11–13.) The motion has two focal points, which are discussed in turn below.

First, Plaintiff's Third Motion *in Limine* focuses on Defendant's experts on whether Northwest PAs met the standard of care—that is, Dr. Fee, a plastic surgeon; Dr. Timothy Bhattacharyya, a surgeon; and Beatris McKeon, a physician assistant. (*Id.* at 11–12.) Plaintiff points out that Patterson has identified one PA and one surgeon to testify on this issue. (*Id.* at 11.) The thrust of Patterson's argument is that there is little probative value in allowing Dr. Fee to restate the same opinions of Dr. Bhattacharyya and McKeon, while the danger of unfair prejudice to Plaintiff is high, as Plaintiff makes much of the fact that "[a]llowing three witnesses . . . would allow a jury to conclude that because Defendants have more experts to

6

opine on these topics, they must be correct." (*Id.* at 12.) In response, Northwest points out that Patterson also has two experts to testify on this topic—Craig Baumgartner, a physician assistant; and Dr. Robert Hymes, an orthopedic surgeon—and further argues that the testimony is not unnecessarily cumulative and should be permitted. (ECF No. 117 at 6–7.) Simply stated, the Court sees no basis under Fed. R. Evid. 403 to exclude testimony from Dr. Fee on the standard of care.

Second, Plaintiff focuses on Defendant's experts on causation—that is, Dr. Bhattacharyya, a surgeon; Dr. L.D. Britt, a surgeon; Dr. Fee, a plastic surgeon; and McKeon, a physician assistant. (ECF No. 108 at 12–13.) Again, the thrust of Patterson's argument is that "there is little probative value in allowing the opinion to be restated four times," while the danger of unfair prejudice to Plaintiff is high. (*Id.*) In response, Northwest clarifies that it does not intend to call Dr. Britt at trial, (ECF No. 117 at 7); and that Dr. Bhattacharyya, Dr. Fee, and McKeown will address when Plaintiff began to develop compartment syndrome in different ways. (*Id.* at 7–8.) Again, the Court sees no basis under Fed. R. Evid. 403 to exclude testimony as unfairly prejudicial or needlessly presenting cumulative evidence. Accordingly, Plaintiff's Motion *in Limine* to Exclude Cumulative Expert Testimony (ECF No. 108 at 11–13) is DENIED.

### G. Plaintiff's Opposed Motion *in Limine* to Exclude Evidence and/or Argument that Plaintiff was "100% Disabled" Due to his Combat Service (ECF No. 108 at 14–16) is DENIED.

Plaintiff seeks to exclude evidence and/or argument of the 100% disability rating assigned to him by the Department of Veteran Affairs in connection with his military service. (ECF No. 108 at 14–16.) The basis of Patterson's argument is that "the bald assertion of a

7

100% disability rating carries substantial and overwhelming danger of unfairly prejudicing, confusing, or misleading the jury at trial" without context and expert witness opinion. (*Id.* at 15–16.) In response, Defendant notes that "it is agreed that Defendant will not make bald assertions that Mr. Patterson is '100% disabled.'" (ECF No. 117 at 9.) Defendant emphasizes that such records are relevant to Plaintiff's damages claim in this case and should not be excluded. (*Id.*) The Court agrees that the evidence is relevant, and sees no basis under Fed. R. Evid. 403 to exclude testimony as unfairly prejudicial, confusing the issues, or misleading the jury. Accordingly, Plaintiff's Motion in Limine to Exclude Evidence and/or Argument that Plaintiff Was "100% Disabled" Due to his Combat Service (ECF No. 108 at 14–16) is DENIED.

    **H. Plaintiff's Somewhat Opposed Motion *in Limine* to Exclude Improper Evidence Relating to or Concerning Mr. Patterson's Marital Relationship (ECF No. 108 at 17–18) is GRANTED.**

Plaintiff has moved *in limine* to exclude improper evidence relating to or concerning his marital relationship as not relevant to any issue to be presented at trial and further inadmissible under Fed. R. Evid. 403. (ECF No. 108 at 17–18.) Patterson explains that he "was required to produce thousands of pages of medical records dating back many years," including "military mental-health records in which Mr. Patterson discussed intimate, private, and embarrassing issues related to his marriage." (*Id.* at 17.) While Defendant does not disagree that evidence regarding Patterson's marital relationship is irrelevant, Northwest opposes Plaintiff's request to the extent it seeks "to exclude Plaintiff's prior military mental-health records." (ECF No. 117 at 9.) According to Defendant, such mental health records "contain significant information relevant to Plaintiff's claims for past and future

8

psychological injury and damages, including counseling, allegedly caused by his claimed physical injury in this case." (*Id.*) During the pretrial conference, Plaintiff clarified that his concerns could be mitigated via limited redactions to the records at issue. As such, Plaintiff should recommend such redactions to the Defendant. In brief, while the Court finds that the mental health records are relevant, evidence relating to or concerning his marital relationship is not. Accordingly, Plaintiff's Motion *in Limine* to Exclude Improper Evidence Relating to or Concerning Mr. Patterson's Marital Relationship (ECF No. 108 at 17–18) is GRANTED.

## II.    Parties' Dispute Over Defendant's Exhibits 22 and 23

With respect to the parties' dispute over Defendant's Exhibits 22 and 23, labeled "Audit Trail: Daniel Markmann, MD (06.30.21 to 07.01.21)" and "Audit Trail: Megan Gibbons, PA (06.30.21 to 07.01.21)," respectively, (ECF No. 138), the Court is satisfied that Plaintiff is free to explore any shortcomings of such evidence on cross-examination.

## III.    Parties' Dispute Over Witness Sequestration

With respect to the parties' dispute over whether Megan Gibbons, P.A., and Scott Stromberg, P.A., should be sequestered pursuant to Fed. R. Evid. 615 or permitted to sit at the Defendant's table in the Courtroom, Plaintiff is INSTRUCTED to brief the issue no later than 12:00 PM this Thursday, April 10, 2025, with any response due from the Defendant no later than 12:00 PM this Friday, April 11, 2025.

## IV.    Request for Additional Witness to Testify Remotely is GRANTED.

It is further ORDERED that Colin Linsley, Ph.D., shall be permitted to testify

9

remotely.[3]

## CONCLUSION

For the reasons stated above, it is this 9th day of April, 2025, hereby ORDERED that:

(1) Defendant's Motion to Withdraw (ECF No. 126) is GRANTED;

(2) Defendant's Motion *in Limine* to Preclude Plaintiff from Calling Ronaldo Mendoza to Testify Live at Trial (ECF No. 103) is WITHDRAWN;

(3) Defendant's Motion *in Limine* to Preclude Testimony of Loss of Consortium (ECF No. 102) is GRANTED without opposition;

(4) Defendant's Motion *in Limine* to Prohibit Plaintiff from Introducing into Evidence or Otherwise Displaying Certain Photographs (ECF No. 105) is DENIED;

(5) Defendant's Motion *in Limine* to Preclude Evidence or Argument that Karla Ponton, PA Was Negligent (ECF No. 106) is GRANTED without opposition; and

(6) Plaintiff's Omnibus Motion *in Limine* (ECF No. 108) is GRANTED IN PART and DENIED IN PART. Specifically,

    a. Plaintiff's Motion *in Limine* to Exclude Evidence and/or Argument of Prior Settlement Pursuant to Fed. R. Evid. 408 (ECF No. 108 at 3–5) is GRANTED without opposition;

    b. Plaintiff's Motion *in Limine* to Exclude Defense Expert Testimony that Calf Implant Surgery Is "Exceedingly Painful" (ECF No. 108 at 6–10) is DENIED;

---

[3] The Court previously granted the parties' request to permit Dr. Frederick Jones and Megan Gibbons, P.A., to testify remotely. (ECF No. 116.)

    c. Plaintiff's Motion *in Limine* to Exclude Cumulative Expert Testimony (ECF No. 108 at 11–13) is DENIED;

    d. Plaintiff's Motion *in Limine* to Exclude Evidence and/or Argument that Plaintiff Was "100% Disabled" Due to his Combat Service (ECF No. 108 at 14–16) is DENIED; and

    e. Plaintiff's Motion *in Limine* to Exclude Improper Evidence Relating to or Concerning Mr. Patterson's Marital Relationship (ECF No. 108 at 17–18) is GRANTED;

(7) With respect to the parties' dispute over witness sequestration, the parties are INSTRUCTED to follow the following briefing schedule: Plaintiff is to brief the issue no later than 12:00 PM this Thursday, April 10, 2025; with any response due from the Defendant no later than 12:00 PM this Friday, April 11, 2025; and

(8) It is further ORDERED that Colin Linsley, Ph.D., shall be permitted to testify remotely.

                                                                      /s/
                                                   Richard D. Bennett
                                                   United States Senior District Judge