IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAMIEN PATTERSON, | * |
| *Plaintiff*, | * |
| v. | *   Civil Action No. RDB-22-3183 |
| NORTHWEST HOSPITAL CENTER, | * |
| *Defendant*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This medical malpractice suit relates to the provision of post-operative care by physician assistants ("PAs") employed by Defendant Northwest Hospital Center following Plaintiff Damien Patterson's June 30, 2021 calf-implant surgery. Trial by jury commenced on April 21, 2025, with the undersigned Judge presiding.

During direct examination of fact witness Ronaldo Mendoza on April 23, 2025, Plaintiff's counsel introduced and displayed to the jury Plaintiff's Exhibit No. 64 (ECF No. 143), an unredacted[1] copy of the Alternative Supervising Physician Agreement between the operating physician Dr. Daniel P. Markmann and the Defendant Northwest Hospital dated March 4, 2021. The second paragraph of the Alternative Supervising Physician Agreement provides:

> It is important to note that you remain responsible <u>only</u> for the supervision and direction you give to the [physician assistants] in the care of <u>your</u> patients. You

---

[1] Defendant represented on the record that this unredacted document was produced to Plaintiff in October 2023 and again attached as Exhibit A (ECF No. 85-4) to Defendant's Motion for Summary Judgment (ECF No. 85), filed October 16, 2024. The parties further represented on the record that the redacted version of the agreement was never produced to Plaintiff.

1

>are specifically <u>not</u> responsible for care rendered by the PAs to any other patients. Malpractice liability insurance is carried by the Hospital Trust and this covers the actions of the PA staff.

(emphasis in original).

The same exhibit appears in Defendant's Second Amended Exhibit List (ECF No. 144) as Defendant's Exhibit No. 10, though Defendant redacted the Alternative Supervising Physician Agreement to exclude the sentence that mentions malpractice liability insurance. While Defendant's Second Amended Exhibit List (ECF No. 144) notes that the parties stipulated to the admissibility of this Alternative Supervising Physician Agreement, it explicitly notes the document was redacted.

Shortly after Plaintiff's Exhibit 64 was displayed to the jury, Plaintiff's counsel highlighted the last sentence of the second paragraph and stated: "This alternate agreement actually says on it that the malpractice liability is carried by the hospital." Before Plaintiff's counsel could get out the related question, the undersigned Judge called a bench conference to inquire about the document's admissibility.[2] The jury was ultimately instructed to leave the courtroom in order for the Court to hear from the parties. Plaintiff's counsel pointed to Federal Rule of Evidence 411, which provides that:

>Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

According to Plaintiff's counsel, mention of the medical malpractice insurance was permissible because it was not being used to prove negligence, but rather prove Northwest's agency,

---

[2] During the brief bench conference, the exhibit remained visible to the jury for some amount of time.

2

ownership, or control over the allegedly negligent physician assistants. At bottom, and as discussed on the record, the undersigned Judge is entirely unpersuaded by Plaintiff's contention that mention of Northwest's malpractice liability insurance was admissible to prove as much. Indeed, Defendant has already stipulated to that exact point, (*see* ECF No. 129 at 8 ¶¶ 2–3 (stipulating that "[a]t all times relevant," Northwest employed the allegedly negligent physician assistants)), and the trial record thus far is replete with evidence and testimony demonstrating Northwest's control over the allegedly negligent PAs.

In light of the foregoing, Defendant has moved for a mistrial. Plaintiff implores the Court not to grant the motion for mistrial but to utilize a curative instruction at the conclusion of trial. As detailed on the record and as further explained below, the Court exercises its broad discretion to grant Defendant's motion for mistrial. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998).

As the United States Court of Appeals for the Fourth Circuit explained in the pre-Federal Rules of Evidence case of *Gleaton v. Green*, 156 F.2d 459 (4th Cir. 1946):

> The general principle that the voluntary or intentional introduction into evidence, either directly or indirectly, by the plaintiff of the fact that a defendant in a tort action is protected by liability insurance, is prejudicial error and grounds for a mistrial, is too well settled to warrant extensive citation of authority.

*Id.* at 461. Federal Rule of Evidence 411 codifies this principle, forbidding the use of evidence of insurance or the lack thereof to prove or disprove negligence or other wrongful conduct. Rule 411's prohibition of liability insurance on the issue of negligence is based on concerns of simple relevancy and the risk of prejudice. 1 MCCORMICK ON EVID. § 201 (9th ed. 2025). That is, such evidence is of questionable probative value or relevance and is often prejudicial. FED. R. EVID. 411 advisory committee notes. And while it is true that Rule 411 expressly

3

allows such evidence on other points, including to prove ownership or control, that is—unequivocally—not at issue here, despite Plaintiff's argument to the contrary. Further relevant to the instant consideration is Fed. R. Evid. 403, which provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court emphasizes that, even if the unredacted Alternative Supervising Physician Agreement between the operating physician Dr. Markmann and the Defendant Northwest Hospital was admissible under Rule 411, Rule 403 mandates its exclusion, as the document's probative value is substantially outweighed by the prejudice to the Defendant.

As noted, Plaintiff contends that the Court should deny Defendant's request for mistrial and rather provide the following curative instruction to the jury at the conclusion of trial, which is marked as Court's Exhibit No. 1. Sourced from Virginia Model Jury Instruction – Civil No. 9.015, Plaintiff's proposed curative instruction provides:

> The presence or absence of insurance or benefits of any type, whether liability insurance, health insurance, or employment-related benefits for either the plaintiff or the defendant, is not to be considered by you [in any way in deciding the issue of liability or, if you find your verdict for the plaintiff,] in considering the issue of damages.
>
> The existence or lack of insurance or benefits shall not enter into your discussions or deliberations in any way in deciding the issues in this case. You shall decide this case solely on the basis of the testimony and evidence presented in the courtroom, as well as the other instructions given to you by the Court.

Plaintiff contends that, from the jury's perspective, the "momentary reference" to malpractice liability insurance was on and off the screen very quickly. Plaintiff further points to Federal

4

Rule of Civil Procedure 61, which provides in part that: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

Whether the erroneous introduction of evidence can be cured by a cautionary instruction "is normally a matter for the proper exercise of the sound discretion of the trial court[.]" *Riddle v. Exxon Transp. Co.*, 563 F.2d 1103, 1108 (4th Cir. 1977) (internal quotation marks and citation omitted). "This is so because the trial judge can best evaluate the atmosphere of the trial and the possibility of prejudice." *Id.* at 1109. While it may not always be simple for jurors to obey curative instructions, there is an "almost invariable assumption of the law that jurors follow their instructions[.]" *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 501 (4th Cir. 2001) (quoting *Richardson v. Marsh*, 481 U.S. 200, 206–07 (1987)).

The Court is quite concerned with the fact that, while the parties stipulated to the admissibility of the Alternative Supervising Physician Agreement, Defendant redacted mention of the malpractice liability insurance in Defendant's Exhibit No. 10, whereas Plaintiff's Exhibit No. 64 did not. Furthermore, Plaintiff's counsel not only showed the unredacted Alternative Supervising Physician Agreement to the jury, counsel stated: "This alternate agreement actually says on it that the malpractice liability is carried by the hospital." He highlighted the last sentence of the second paragraph that makes clear that: "Malpractice liability insurance is carried by the Hospital Trust and this covers the actions of the PA staff." While the Court takes Plaintiff's counsel at its word that the reference to the insurance coverage was not done in bad faith, the reference to—or rather, emphasis of—insurance coverage was not accidental, nor fleeting. Here, the simple fact is this Court cannot be sure that a curative instruction would suffice to cure Plaintiff's error and mitigate any prejudice

5

threatened to Defendant resulting therefrom. "The wisdom of experience is embodied in the aphorism that the scent of a skunk thrown into the jury box cannot be wiped out by a trial court's admonition to ignore the smell." *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 664 (5th Cir. 1985). The Court cannot overlook this revelation to the jury as harmless.

## CONCLUSION

For the reasons stated on the record and above, it is this 24th day of April, 2025, hereby ORDERED that Defendant's motion for a mistrial is GRANTED. The pretrial conference and new trial date shall be confirmed by separate Letter Order.

/s/
Richard D. Bennett
United States Senior District Judge